UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CROSSFIT, INC., | Civ. No. 2:13-1108 (KM) |
| Plaintiff, | |
| v. | ORDER & JUDGMENT |
| 2XR FIT SYSTEMS, LLC, JAY ALVAREZ, and DOES 1-10. | |
| Defendants. | |

**KEVIN MCNULTY, U.S.D.J.:**

    **THIS MATTER** having been opened to the Court by the Plaintiff, CrossFit's Motion for Default Judgment against Defendants 2XR Fit Systems, LLC ("2XR") and Jay Alvarez (Docket No. 9), pursuant to Fed. R. Civ. P. 55(b)(2); and the motion being unopposed; and the Court having issued an Order to Show Cause why default judgment should not be entered in Plaintiffs' favor (Docket No. 10); and Defendants having failed to respond to this Order; and Plaintiff having filed supplemental briefs and accompanying exhibits in support of this motion (Docket No. 11); and the Court having considered the moving papers and the entire case file; and

    **IT APPEARING** that Defendants were served with the Complaint on April 4, 2013 (Docket Nos. 5, 6), but did not respond; that the Clerk entered default as to Defendants on May 20, 2013; and for good cause shown

    **IT IS** this 11th day of March 2014,

    **ORDERED** and **ADJUDGED** that Plaintiff's Motion for Default Judgment is **GRANTED** and judgment shall be entered against Defendants, in the total amount of **$244,824.76** (which figure consists of $226,311.26 in damages, plus $17,608.50 in attorneys' fees, plus $905.00 in costs, for a total of $244,824.76); and it is further

    **ORDERED** and **ADJUDGED** that Plaintiff is **GRANTED** the following injunctive relief:

Defendants, individually and collectively, for themselves and their principals, partners, agents, servants, employees, independent contractors, and all persons in active concert and participation with them shall be permanently restrained and enjoined from infringing upon the "CrossFit" trademarks and from using any confusingly similar terms, in any manner, including but not limited to the following activities:

1. Offering, providing, or purporting to offer or provide fitness classes or fitness training using the "CrossFit" name, and/or any confusingly similar terms, including but not limited to Cross Fitness, Xross Fitness, and XFit;

2. Using the "CrossFit" name, and/or any confusingly similar terms, including but not limited to Cross Fitness, Xros Fitness, and XFit, on their websites (including but not limited to text in meta-tags), blogs, social media profiles business directories and listings, advertisements, promotional materials, and third-party sites where company information is submitted by Defendants regarding their personal training services, and at their facilities;

3. Registering, using, or selling any trademark, trade name, or domain names with the formative "CrossFit," and/or any confusingly similar terms, including but not limited to Cross Fitness, Xross Fitness, and XFit, and from encouraging or assisting any third party to do the same, in connection with any goods or services related or similar to those of CrossFit.

_____
**KEVIN MCNULTY**
**United States District Judge**